1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11

LESLIE JAMES JONES,                    1: 06 CV 00786 WMW HC

12
                    Petitioner,          MEMORANDUM OPINION AND ORDER RE
13                                        MOTION TO DISMISS PETITION FOR WRIT
                                          OF HABEAS CORPUS
14       v.                               [Doc. 15]

15

ROBERT HOREL, WARDEN,
16
                    Respondent.
17   _____/

18
          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
19
pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to
20
the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's
21
motion to dismiss.
22
                           PROCEDURAL HISTORY
23
          On October 11, 1996, Petitioner was convicted in Stanislaus County Superior Court of
24
assault with a deadly weapon and three counts of robbery.  A number of sentencing enhancements
25
were found true.  The trial court sentenced Petitioner to a determinate state prison term of twenty-one
26
years.  Petitioner did not file a direct appeal.
27
          On May 22, 1998, in response to Petitioner's request to clarify custody credits, the abstract of
28

1   judgment was amended to reflect credit entitlements.  Again, Petitioner did not appeal.

2       Petitioner subsequently filed seven pro se post-conviction collateral challenges to his

3   conviction.  The first of these was filed in the California Court of Appeal on March 24, 2000.

4                         **LEGAL STANDARD**

5   <u>JURISDICTION</u>

6       Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

7   to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

8   the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  <u>Williams v. Taylor</u>, 120 S.Ct.

9   1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

10   the United States Constitution.  In addition, the conviction challenged arises out of the Stanislaus

11   County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);

12   2241(d).  Accordingly, the court has jurisdiction over the action.

13       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

14   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

15   <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

16   586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97

17   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

18   *grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

19   to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

20   AEDPA, thus it is governed by its provisions.

21   <u>STANDARD OF REVIEW</u>

22       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

23   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

24   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

25       The AEDPA altered the standard of review that a federal habeas court must apply with

26   respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

27   <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

28   not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

1   involved an unreasonable application of, clearly established Federal law, as determined by the

2   Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

3   determination of the facts in light of the evidence presented in the State Court proceeding." 28

4   U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

5   Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

6   S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

7   concludes in its independent judgment that the relevant state-court decision applied clearly

8   established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

9   that application must be objectively unreasonable."  Id. (citations omitted).

10          While habeas corpus relief is an important instrument to assure that individuals are

11   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

12   Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

13   conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

14   Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

15   determinations must be presumed correct, and the federal court must accept all factual findings made

16   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

17   convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

18   (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

19   1388 (9th Cir. 1997).

20                                          **DISCUSSION**

21          Respondent moves to dismiss this petition on the ground that it is barred by the applicable

22   statute of limitations.  Petitioner opposes the motion.  Rule 4 of the Rules Governing Section 2254

23   Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition

24   and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."

25   The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged

26   failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity

27   of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to

28   dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See,

1  e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir.

2  1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules

3  Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss

4  pursuant to its authority under Rule 4.

5        The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

6  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

7  (d) reads:

8       (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
      corpus by a person in custody pursuant to the judgment of a State court.  The
9     limitation period shall run from the latest of –

10      (A) the date on which the judgment became final by the conclusion of direct
      review or the expiration of the time for seeking such review;

11

12      (B) the date on which the impediment to filing an application created by
      State action in violation of the Constitution or laws of the United States is removed, if
      the applicant was prevented from filing by such State action;

13

14      (C) the date on which the constitutional right asserted was initially recognized by
      the Supreme Court, if the right has been newly recognized by the Supreme Court and made
      retroactively applicable to cases on collateral review; or

15

16      (D) the date on which the factual predicate of the claim or claims presented
      could have been discovered through the exercise of due diligence.

17     (2) The time during which a properly filed application for State post-conviction or
      other collateral review with respect to the pertinent judgment or claim is pending shall
18     not be counted toward any period of limitation under this subsection.

19

20        In this case, an amended abstract of judgment was issued May 22, 1998.   As Respondent

21  contends,  the state appeal process became "final" within the meaning of § 2244(d)(1)(A), when the

22  time for filing an appeal expired sixty days later, on July 21, 1998.  Cal. Rules of Court, rule

23  8.104(a).  The statute of limitations therefore began running the following day, July 22, 1998.  See

24  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.Pro. 6(a)).  Thus, absent

25  any time for tolling, the statute of limitations expired one year later on July 21, 1999.

26        Pursuant to  28 U.S.C. § 2244(d)(2), the statute of limitations would be tolled during the

27  pendency of a properly filed application for State post-conviction relief.  However, in this case,

28  Petitioner did not file a state petition for post-conviction relief until March 24, 2002, after the statute

1  of limitations expired on July 21, 1999.  Because the limitations period had already expired, the

2  collateral challenge had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th

3  Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also

4  Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354

5  (N.D.Cal.2002).  Thus, absent equitable tolling, this petition is untimely.

6        The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

7  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

8  Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107

9  F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

10  United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), overruled in part on other grounds

11  by, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (noting that

12  "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

13  'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on

14  time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to

15  file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v.

16  Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), citing Kelly, 163 F.3d at 541; Beeler, 128 F.3d at

17  1288-1289.

18        In this case, the court's review of the petition reveals no basis for equitable tolling and

19  Petitioner does not make an argument for equitable tolling in his opposition to the motion to dismiss.

20  The court therefore finds no basis for equitable tolling in this case.

21        In his opposition to Respondent's motion to dismiss, Petitioner contends that the decisions in

22  Cunningham v. California, 127 S.Ct. 856 (2007); Washington v. Recuenco, 126 S.Ct. 2546 (2006);

23  Blakely v. Washington, 542 U.S. 296 (2004); Crawford v. Washington, 541 U.S. 36 (2004); and

24  Apprendi v. New Jersey, 530 U.S. 466 (2000), entitle him to a watershed rule.  This contention lacks

25  merit.  Neither Apprendi nor its progeny Blakely apply retroactively.  See United States v. Cruz, 423

26  F.3d 1119 (9th Cir. 2005).  The court agrees with Respondent that Crawford did not announce a new

27  "watershed rule" of criminal procedure that could be applied retroactively on collateral review to

28  cases already final on direct review, and that neither Cunningham nor Washington v. Recuenco

1    changed this result.  Accordingly, Petitioner is not entitled to by-pass the statute of limitations to

2    bring a claim based on this line of cases.

3           In light of the above, IT IS HEREBY ORDERED as follows;

4    1)     pursuant to Respondent's request, the Clerk of the Court is directed to substitute D. K. Sisto

5           as the Respondent in this action;

6    2)     Respondent's motion to dismiss is GRANTED:

7    3)     this petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

8    4)     the Clerk of the Court is directed to enter judgment for Respondent and to close this case.

9

10   IT IS SO ORDERED.

11   **Dated:    January 28, 2008**              **/s/  William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28